DAVID B. BARLOW, United States Attorney (#13117)
VEDA M. TRAVIS, Assistant United States Attorney (#6449)
Attorneys for the United States of America
185 S. State St., #300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682



FILED
U.S. DISTRICT COURT

2013 JAN 30  D 12:39

DISTRICT OF UTAH
BY: _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | INDICTMENT |
| Plaintiff, | |
| vs. | VIO. 21 U.S.C. § 846, CONSPIRACY TO DISTRIBUTE OXYCODONE; 18 U.S.C. § 1956(h), CONSPIRACY TO COMMIT MONEY LAUNDERING |
| BRANDON FARNWORTH, DANIEL MCGRAW, ROBERT WHITNEY, JANA KILLPACK, NED JORGENSEN, and CODY BEARDALL, | |
| Defendants. | Case: 2:13-cr-00062<br>Assigned To : Stewart, Ted<br>Assign. Date : 01/30/2013<br>Description: USA v. |

The Grand Jury charges:

### COUNT I
### (21 U.S.C. § 846,
### CONSPIRACY TO DISTRIBUTE OXYCODONE)

Beginning on a date unknown but at least by August of 2008 and continuing to at least June of 2009, in the District of Utah and elsewhere,

BRANDON FARNWORTH, DANIEL MCGRAW and ROBERT WHITNEY,

defendants herein, did combine, conspire, confederate and agree with each other and with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute oxycodone, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812; in violation of 21 U.S.C. §§ 846 and 841(a)(1) and punishable under 21 U.S.C. § 841(b)(1)(C).

## COUNT II
### (18 U.S.C. § 1956(h), CONSPIRACY TO COMMIT MONEY LAUNDERING)

Beginning on a date unknown but at least by August of 2008 and continuing to at least June of 2009, in the District of Utah and elsewhere,

BRANDON FARNWORTH, DANIEL MCGRAW and ROBERT WHITNEY,

defendants herein, did combine, conspire, confederate and agree with each other and with other persons, both known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, wire transfers and the interstate movement of cash, which involved the proceeds of a specified unlawful activity, that is, the distribution of a controlled substance, with the intent to promote the carrying on of specified unlawful activity, to wit, the possession with intent to distribute a controlled substance and the distribution of a controlled substance, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of

some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); all in violation of 18 U.S.C. § 1956(h).

## COUNT III
### (21 U.S.C. § 846, CONSPIRACY TO DISTRIBUTE OXYCODONE)

Beginning on a date unknown but at least by May of 2009 and continuing to at least February of 2012, in the District of Utah and elsewhere,

JANA KILLPACK, NED JORGENSEN and CODY BEARDALL,

defendants herein, did combine, conspire, confederate and agree with each other and with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute oxycodone, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812; in violation of 21 U.S.C. §§ 846 and 841(a)(1) and punishable under 21 U.S.C. § 841(b)(1)(C).

## COUNT IV
### (18 U.S.C. § 1956(h), CONSPIRACY TO COMMIT MONEY LAUNDERING)

Beginning on a date unknown but at least by May of 2009 and continuing to at least February of 2012, in the District of Utah and elsewhere,

JANA KILLPACK and NED JORGENSEN,

defendants herein, did combine, conspire, confederate and agree with each other and with other persons, both known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to

wit, the deposit and subsequent withdrawal of currency into and from accounts at financial institutions, wire transfers and the interstate movement of cash, which involved the proceeds of a specified unlawful activity, that is, the distribution of a controlled substance, with the intent to promote the carrying on of specified unlawful activity, to wit, the possession with intent to distribute a controlled substance and the distribution of a controlled substance, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); all in violation of 18 U.S.C. § 1956(h).

A TRUE BILL:

/S/
FOREPERSON OF THE GRAND JURY

DAVID B. BARLOW
United States Attorney

*/s/ Veda M. Travis*

VEDA M. TRAVIS
Assistant United States Attorney